IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PHILIP C. LANG, an individual, | Case No. 1:12-cv-01844-CL |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. | |
| OREGON SHAKESPEARE FESTIVAL ASSOCIATION, a domestic non-profit company, and CITY OF ASHLAND, a subdivision of the State of Oregon, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This matter comes before the court on motions to dismiss (#36, #38) plaintiff Philip C. Lang's First Amended Complaint, filed by defendants City of Ashland, Oregon ("the City") and the Oregon Shakespeare Festival Association ("OSF"). For the reasons stated below, the court recommends that both motions be denied.

Page 1 – REPORT AND RECOMMENDATION

## BACKGROUND

Plaintiff Philip C. Lang ("Lang") is a resident of Ashland, Oregon, home to the Oregon Shakespeare Festival ("the Festival). The Festival is a repertory theatre that operates year-round by OSF, a private non-profit company, on land leased to it by the City.

Lang has foraminal stenosis, a condition where the narrowing of the spaces in the lumbar spine cause low back and leg pain. Lang's condition makes it difficult to walk, especially longer distances, up slopes, and on slippery surfaces. Lang alleges that many of the theatre facilities at the Festival have steeply graded pathways, inadequate handrails, and slippery surfaces. Lang attended the Festival prior to having foraminal stenosis, but now "can only attend with great difficulty, or not at all" because of the Festival's conditions. Am. Compl., p 2.

On October 15, 2012, Lang filed a lawsuit alleging that OSF and the City violated Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq*. OSF and the City filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Lang's Complaint did not adequately specify his disability or the particular non-compliant conditions at the Festival, and that the City, as a public entity, could not be liable under Title III of the ADA. The court granted the motions, and Lang subsequently filed an Amended Complaint that explained his disability and the specific areas of OSF facilities that were not accessible and brought a claim against the City under Title II, rather than Title III.

OSF now moves to dismiss Lang's Amended Complaint, arguing that Lang has failed to allege sufficient facts proving that he is an individual with a disability and thus lacks standing to bring a claim under the ADA. The City joins in OSF's motion, and also asserts that Lang has not sufficiently alleged facts that show that the City, as opposed to OSF, has responsibility for any of the alleged barriers at the Festival.

Protection Agency, 509 F.3d 1095, 1102, n. 1 (9th Cir.2007). If the plaintiff fails to meet its burden, the court must dismiss the case unless the defect may be remedied through amendment. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673 (1994); Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir.2001).

## PRELIMINARY MATTER

In its reply in support of its motion to dismiss, OSF contends that the court should disregard Lang's response to the motions as untimely. While the deadline for Lang to file a response was June 30, 2013, his response was not filed until July 15, 2013. Lang asserts that the parties were unopposed to Lang seeking an extension to July 12, 2013. OSF contends that Lang never actually filed a motion for an extension with the court, and points out that the date Lang did file his response was several days after the July 12, 2013, extension date the parties had tentatively agreed to.

While Lang's untimely briefing does violate Local Rule 7-1(e)(1), the court, exercising its discretion, still considers Lang's response. OSF and the City suffered no prejudice, as Lang's late filing did not prevent either party from filing a complete reply in support of their motions to dismiss. Lang is cautioned, however, to keep abreast of future deadlines and comply with all relevant Local Rules.

## OSF'S MOTION

OSF argues that Lang has failed to establish that he is disabled under the ADA's Title III. Title III of the ADA prohibits discrimination against any individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on a

claim under the ADA for public accommodation discrimination, a plaintiff must allege that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) that plaintiff was denied public accommodation because of his disability. Ariz. ex rel. Goddard v. Harkins Amusement Enter., 603 F.3d 666, 679 (9th Cir.2010) (citing Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir.2007)). A person has a disability if he (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities, (2) has a record of the impairment, or (3) is regarded as having an impairment. 42 U.S.C. § 12102(1). Here, Lang bases his claim on the first prong of actual disability.

To determine whether a plaintiff is "actually disabled" under the ADA's definition, courts follow a three-step analysis. Bragdon v. Abbott, 524 U.S. 624, 631 (1998). First, the court must determine whether a plaintiff has a "physical or mental impairment" as defined by the ADA. Id. Second, the court must identify the life activity upon which plaintiff relies, and determine whether it constitutes a major life activity under the ADA. Id. Finally, the court must decide whether a plaintiff's impairment substantially limits her ability to perform the identified major life activity. Id. at 631; 639; Gribben v. United Parcel Serv., Inc., 528 F.3d 1166, 1169 (9th Cir.2008). "An impairment is a disability [within the meaning of the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 20 C.F.R. § 1630.2(j)(1)(ii).

Here, OSF does not dispute that Lang's foraminal stenosis is a physical impairment or that walking is a "major life activity" under the ADA, but argues that Lang has not sufficiently pled facts showing that his ability to walk is substantially limited compared with most people in the general population. OSF also cites to cases from other circuits finding that people who suffer

Page 5 – REPORT AND RECOMMENDATION

moderate pain and discomfort when walking are not substantially disabled. Here, Lang alleges that pain from his formanial stenosis "makes it very difficult to walk great lengths and also very difficult to walk up slopes, especially without handrails." Am. Compl., p. 3. He also alleges that his "ability to walk on slippery surfaces is diminished," and that the "pain and suffering caused by [his] foraminal stenosis substantially limits his ability to walk." Id. These allegations, read in a light most favorable to Lang, are sufficient to raise an inference that Lang's ability to walk is significant and substantially impaired as compared to most people in the general population. Although discovery may prove otherwise, the court would be premature in dismissing Lang's claims against OSF at the pleading stage.

## THE CITY'S MOTION

The City argues that Lang does not state a claim for violation of Title II of the ADA. Title II of the ADA prohibits state and local governments, including cities, from discriminating against individuals on the basis of disability. 42 U.S.C. § 12131(1), § 12132. To demonstrate a Title II violation, a plaintiff must show (1) he is a "qualified individual with a disability;" (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) the exclusion, denial of benefits, or discrimination was due to his disability. Weinreich v. L.A. Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir.1997). "Services, programs, or activities" is defined broadly to include "all of the operations of" a local government. Barden v. City of Sacramento, 292 F.3d 1073, 1077 (9th Cir.2002) (citations omitted); Lee v. City of L.A., 250 F.3d 668, 691 (9th Cir.2001) (holding that "services, programs, or activities means "anything a public entity does" (citing Yeskey v. Pa. Dep't of Corr., 118 F.3d 168, 171 & n. 5 (3d Cir.1997) (internal citation omitted))). In this circuit, "[s]idewalks, crosswalks, curb ramps, and other parts of the

Page 6 – REPORT AND RECOMMENDATION

pedestrian right of ways are 'facilities' and 'services, programs, or activities' under Title II of the ADA." Willits v. City of L.A., Case No. CV 10-5782 CBM (RZx), 2013 WL 674029, at *3 (C.D. Cal Feb. 25, 2013); *see also* Barden, 292 F.3d at 1076-77.

The City contends that the mere fact that it rents land to OSF does not make it liable under Title II of the ADA for the conditions at all of the Festival's facilities. The court agrees that the Festival as a whole is not a service, program, or activity of the City. However, some of the barriers Lang identifies as non-complaint with the ADA are pedestrian right of ways, including the crosswalk at Pioneer Street (Am. Compl., p. 10) and the Pioneer Street sidewalk (Am. Compl., p. 11). Given that the City clearly has responsibility for the maintenance and alteration of public right of ways, these allegations are sufficient to support a plausible ADA Title II claim. While the Amended Complaint would benefit from alleging which specific barriers are the responsibility of the City, the court is only entitled to dismiss a claim under Rule 12(b)(6) "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d at 1242 (quoting Balistreri, 901 F.2d at 699). Because the Amended Complaint meets this standard, the court recommends that the City's motion be denied.

## RECOMMENDATION

For the reasons above, OSF and the City's motions (#38, #36) should be DENIED.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days after the date***

*this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed.* See FED. R. CIV. P. 72, 6.  Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED this 12 day of SEPTEMBER, 2013.

MARK D. CLARKE

United States Magistrate Judge