IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PHILIP C. LANG, an individual

Plaintiff,

v.

OREGON SHAKESPEARE FESTIVAL
ASSOCIATION, a domestic non profit
company, and CITY OF ASHLAND, a
subdivision of the State of Oregon,

Defendants.

Civ. No. 1:12-cv-001844-CL

**REPORT AND
RECOMMENDATION**

CLARKE, Magistrate Judge.

This matter comes before the Court on a Motion for Leave to File a Third Amended Complaint (#79) filed by Plaintiff Philip C. Lang ("Plaintiff") and opposed by Defendant Oregon Shakespeare Festival Association ("Defendant"). For the reasons set forth below, Plaintiff's motion should be DENIED.

## BACKGROUND

Plaintiff filed this action (#1) against Defendant on October 15, 2012, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"). On October 15, 2012, the court issued a pretrial scheduling order (#3). The order required the parties to set deadlines for various tasks including amending pleadings. Defendant asserts, and Plaintiff does not dispute, that they agreed to file any amended pleadings by February 12, 2013, pursuant to the order.

Report and Recommendation - Page 1

The case's discovery deadline was initially set as February 12, 2013. The Court extended the deadline to June 2, 2014 (#56) and later to September 2, 2014 (#65). On June 16, 2014, the court vacated all deadlines and coordinated a settlement conference at the parties' request. On August 13, 2014, the Court stayed (#73) the case to allow the parties to continue to discuss settlement options. On November 4, 2014, the stay was lifted (#77). On March 16, 2015 the Court granted (#90) Defendant's motion to stay (#81) the case to facilitate discussions regarding whether Defendant's renovation plans resolved Plaintiff's claims.

Plaintiff has amended his complaint twice. On May 27, 2013, Plaintiff filed his first amended complaint (#35) after his initial complaint was dismissed. The first amended complaint pled additional facts and added four ADA claims of discrimination. Plaintiff filed his second amended complaint (#69) on June 22, 2014. Defendants did not oppose the second amendment which added facts regarding Plaintiff's disability. On November 23, 2014, Plaintiff filed his currently pending motion for leave to file a third amended complaint (#79). Defendant opposes the amendment (#82).

## LEGAL STANDARD

After the initial pleading stage, a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). This is an extremely liberal standard. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 16 governs motions for leave to amend that require modification of the court's pretrial scheduling order. It states: "A schedule may be modified only for good cause and with

the judge's consent." FED. R. CIV. P 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

## DISCUSSION

Plaintiff moves to amend his complaint to (1) include "additional information" regarding his disabilities and (2) assert new violations of the ADA. Pl.'s Mot., at 2. Plaintiff's existing complaint alleges his disabilities make it difficult for him to walk. His proposed amended complaint states that he also struggles to raise or reach out with his arm. The proposed complaint alleges ADA violations relating to this newly disclosed limitation. For instance, Plaintiff asserts various counters on Defendant's property are not the correct height to comply with the ADA. He also adds claims regarding inadequate directional signage and wheelchair access. Defendant opposes the proposed amendment and asserts Plaintiff has failed to show good cause for modifying the scheduling order as required by Rule 16.

"Good cause" is found by considering the diligence of the movant. *Johnson*, 975 F.2d at 609. Good cause means the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "If [the moving] party was not diligent, the inquiry should end" and amendment should be denied. *Id.* In *Johnson*, the Eastern District of California issued a pretrial scheduling order setting a cutoff date for joining additional parties. *Id.* at 606. Before the cutoff date, the defendant informed the plaintiff multiple times it was not the correct defendant. *Id.* at 607. The plaintiff failed to act on that information in line with the schedule. *Id.* After the deadline, the plaintiff filed a motion to amend his complaint to add the correct

defendant. *Id.* The Eastern District of California denied the motion. *Id.* Johnson appealed, arguing the defendant was to blame for failing to raise the joinder issue at the pretrial conference. *Id.* at 609. The Ninth Circuit upheld the district court's denial because the plaintiff "failed to establish good cause for modifying the pretrial scheduling order." *Id* at 610. It reasoned, "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. "The burden was upon Johnson to prosecute his case properly. . . . The simple fact is that his attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate." *Id.* at 610.

Like *Johnson*, Plaintiff has failed to demonstrate good cause for his belated motion to amend. In both cases, the court set deadlines so the parties would know what to expect for case management and scheduling. Both plaintiffs had opportunities to amend their complaints in line with those deadlines. In *Johnson*, the defendant notified the plaintiff of the need for amendment before the cutoff date. In the case at bar, the Court allowed Plaintiff to file two amended complaints after the pleadings deadline. Plaintiff did not include his current proposed amendments in either version. Plaintiff explains this is because his expert did not discover and analyze the new alleged ADA violations until the fall of 2014. However, he has not provided any reasons for his expert's long delay. Also, Plaintiff does not indicate that he was unaware of the information regarding his shoulder limitation before the deadline. He offers no justification for sharing that information for the first time at this late date. Plaintiff was not diligent in scheduling his expert's work or in alleging all pertinent facts before the pleading deadline. Like the plaintiff in *Johnson*, he acted carelessly. Rule 16 is designed to eliminate this kind of

Report and Recommendation - Page 4

ineffective case management. Because Plaintiff has failed to show good cause for deviating from the pretrial schedule, his motion for leave to amend should be denied.

Though not required under Rule 16, prejudice to the nonmoving party "supplies an additional reason for denying the motion." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000). Defendants have been attempting to defend and resolve Plaintiff's claims regarding his walking disability for over two years. If the Court allows Plaintiff to proceed forward on his new theories of recovery, Defendant will likely need to conduct additional discovery. The already extended proceedings will be further delayed. The risk of prejudice to Defendant further supports the decision to deny leave to amend under Rule 16.

This court is usually very liberal in granting leave to amend. Here, however, Plaintiff has provided no reason for his two year delay. Even under the more liberal Rule 15 standard, the court is not convinced leave to amend should be allowed.

////

////

////

////

////

////

////

////

////

////

////

## RECOMMENDATION

Based on the forgoing, the court should DENY the plaintiff's motion for leave to file a third amended complaint.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _18_ day of June 2015.

_____
MARK D. CLARKE
United States Magistrate Judge