IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PHILIP C. LANG, an individual,

    Plaintiff,

v.

OREGON SHAKESPEARE FESTIVAL ASSOCIATION, a domestic non-profit company; CITY OF ASHLAND, a subdivision of the State of Oregon,

    Defendants.

No. 1:12-cv-01844-CL

**ORDER**

**AIKEN, Chief Judge:**

    This matter comes before me on the Report and Recommendation of Magistrate Judge Mark D. Clarke (#95) and Plaintiff's Motion for Leave to File Late Objections (#103). Plaintiff's Motion (#103) is GRANTED and the Report and Recommendation (#95) is ADOPTED.

1 - ORDER

## I. Plaintiff's Motion for Leave to File Late Objections

On June 18, 2015, Magistrate Judge Mark D. Clarke signed a Report and Recommendation (#95) in which he recommended that Plaintiff's Motion for Leave to File a Third Amended Complaint (#79) be denied. Under Rule 72, a party may serve and file written objections to a magistrate judge's recommendations within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72. In this case, the deadline for filing objections to the Report and Recommendation was fixed at July 6, 2015. This deadline was set out in the final paragraph of the Report and Recommendation and reiterated in the minute entry for the Report and Recommendation on the Court's electronic docket (#95).

Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In considering whether neglect is excusable, courts consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal. Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000).

In this case, I find that there is little danger of prejudice to Defendants in allowing Plaintiff's untimely objections. Nor are the objections likely to delay the proceedings further, as Defendants have wisely included their substantive response to

2 - ORDER

Plaintiff's proposed Objections in their Responses in Opposition to this Motion (## 110, 111). The third factor, however, weighs against Plaintiff. Plaintiff's counsel admits that he received the Report and Recommendation and that he reviewed the Court's docket entries, but nevertheless believed that he had 28 days in which to file objections, rather than 14. Counsel's negligence regarding the deadlines established by the Federal Rules of Civil Procedure is not a compelling reason for excusing a delay, particularly when Plaintiff was explicitly advised of the deadline in the Report and Recommendation and the Court's electronic docket.[1] With regard to the final factor, whether the movant acted in good faith, I am inclined to afford Plaintiff the benefit of the doubt. Accordingly, I GRANT Plaintiff's Motion for Leave to File Late Objections (#103) and I will consider Plaintiff's proposed Objections in my review of the Report and Recommendation of Magistrate Judge Clarke.[2]

---

[1] In his Reply (#112), Plaintiff argues that the Court should disregard Defendants' Responses to his Motion because they were "untimely." This suggestion is not well taken because (1) Defendants filed their Responses on the exact date on which the Court ordered them filed (#107), and (2) Plaintiff's counsel's own failure to abide by Court deadlines gave rise to this very motion.

[2] Defendants also objected to Plaintiff's Motion because he failed to abide by the conferral requirements of Local Rule 7. Although Plaintiff disputes some details, it appears that his counsel realized that his Objections were late on the afternoon of Friday, July 17, 2015. He left voicemail messages with Defendants' counsel informing them of his intent to file the instant motion and then filed it on the following Monday morning without any further communication with Defendants. This does not meet the conferral requirements of Local Rule 7. Plaintiff's counsel is directed to familiarize himself with the requirements of the Local Rules and fully conform to those requirements in all

3 - ORDER

## II. The Report and Recommendation

Magistrate Judge Mark D. Clarke filed a Report and Recommendation (#95) and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed untimely objections, which I have considered for the reasons discussed above. I have reviewed the file of this case *de novo*. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

I have given this matter *de novo* review. I find no error. Accordingly, I ADOPT the Report and Recommendation (#95). Plaintiff's Motion for Leave to File a Third Amended Complaint (#79) is DENIED.

IT IS SO ORDERED.

DATED this 24th day of August, 2015.

ANN AIKEN
CHIEF JUDGE

---

subsequent filings. The Court reminds counsel that they are professionals and that the Court expects professional conduct in all of their dealings with each other and with the Court.