IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PHILIP C. LANG, an individual

      Plaintiff,

  v.

OREGON SHAKESPEARE FESTIVAL ASSOCIATION, a domestic non profit company, and CITY OF ASHLAND, a subdivision of the State of Oregon,

      Defendants.

Civ. No. 1:12-cv-001844-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge.

This matter comes before the Court on the parties' cross motions for summary judgment (#101, #120). Plaintiff seeks an order finding him disabled as defined by the ADA. Defendants contend that the Court must dismiss Plaintiff's claims for lack of standing because he was not, and is not, disabled. For the reasons set forth below, Plaintiff's motion should be DENIED and Defendants' motion should be GRANTED.

**PRELIMINARY MATTERS**

The parties raise a number of procedural complaints and evidentiary objections. The Court will consider each before turning to the substance of their pending motions.

Report and Recommendation - Page 1

I. **Plaintiff's Counsel Did Not Meet the Conferral Requirements of Local Rule 7.**

Plaintiff's counsel did not confer in compliance with Local Rule 7 before filing his original motion (#87) for summary judgment. The Court stayed (#97) briefing deadlines until conferral was complete. The parties discussed, and agreed that Plaintiff would move to withdraw his motion without prejudice to refile. In his ensuing unopposed motion to withdraw (#98), Plaintiff's counsel expressed his intent to refile the motion, and committed to "meet and confer with the Defendants within three business days of an Order granting the Motion [to Withdraw.]." Pl.'s Mot. to Withdraw, at 2. Plaintiff filed his amended motion for summary judgment (#101) on July 15, 2015. Defendants object to the amended motion, and assert that Plaintiff's counsel again failed to confer before filing it. Plaintiff's counsel contends that he sufficiently conferred with Defendants about the summary judgment motion when he spoke with them about his intent to withdraw and refile. The Court disagrees. Local Rule 7(a) requires parties to confer on "every motion" and discuss "each claim, defense, or issue that is the subject of the proposed motion." Plaintiff's summary judgment motion involves entirely different issues than his motion to withdraw. Therefore, conferral on one does not constitute conferral for the other. Plaintiff's counsel himself appeared to recognize this fact when he told the Court that he would confer with Defendants after his motion to withdraw was granted.

The Court is troubled by Plaintiff's counsel's repeat failure to confer. Apart from the two instances discussed above, Chief Judge Aiken recently found (#113) that Plaintiff's counsel did not confer before filing a different motion in this case. Judge Aiken instructed Plaintiff's counsel" "to familiarize himself with the requirements of the Local Rules and fully conform to those requirements in all subsequent filings." This Court echoes Judge Aiken's instruction, and recommends that Plaintiff's failure to confer should serve as an alternative basis for denying his

pending motion for summary judgment. Local Rule 7(a)(3) (the court may, in its discretion, remedy a violation of Local Rule 7 by denying the motion).

## II. Defendants Filed Their Summary Judgment Motion in a Timely Manner.

Plaintiff contends that Defendants' summary judgment motion is untimely because they did not file it as a part of their response. In support of this assertion, Plaintiff cites to various cases involving summary judgment motions filed outside of dispositive motion deadlines. These cases are inapposite. Dispositive motions are not due in the present action until April 29, 2016. Moreover, Local Rule 7(b) prohibits parties from combining motions with responses as Plaintiff recommends.

## III. Two Declarations Offered by Plaintiff Do Not Comply with Rule 56(c)(1)(A).

Defendants ask the Court to strike two declarations proffered by Plaintiff because they reference documents without attaching them in violation of Federal Rule of Civil Procedure 56(c)(1)(A).[1] Rule 56(c)(1)(A) requires declarants to attach all documentary evidence cited as a source of factual contention. Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). This is true even if the declarant has personal knowledge of the factual contention. Id. Here, the declarations of Howard Morningstar M.D. ("Dr. Morningstar") and Plaintiff reference certifications made by health care providers in support of Plaintiff's applications for the issuance and renewal of his disability parking permit. Neither the certifications, nor the applications, are attached to either declaration. Without these documents, the Court cannot be certain what the health care providers represented to the state. Therefore, the

---

[1] Defendants cite to FED. R. CIV. P. 56(e). A former version of subdivision (e)(1) required that a sworn or certified copy of a paper referred to in a declaration be attached to the declaration. However, in a 2010 amendment, this requirement was "omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record." FED. R. CIV. P. 56 Advisory Committee notes, 2010 Amendment.

Report and Recommendation - Page 3

two declarations should be excluded for failure to comply with Rule 56(c)(1)(A). Even if the declarations were not stricken, their presence on the summary judgment record would not be outcome determinative. The Court notes that this recommended ruling does not detract from Plaintiff's separate but related showing that he has a disabled parking permit.

## IV. The Court Should Grant Plaintiff's Request for Judicial Notice.

Plaintiff asks the court to take judicial notice of information posted on a number of governmental websites. Specifically, he refers the Court to copies of the Americans with Disabilities Act (the "ADA"), the ADA Amendments Act (the "ADAAA"), a fact sheet on regulations implementing the ADAAA, and question and answer segments about the ADAAA posted by the Department of Labor ("DOL") and the Equal Employment Opportunity Commission ("EEOC"). Under Federal Rule of Evidence 201(b)(2), this Court "may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably by questioned." Because the authenticity of the submitted websites is "beyond reasonable controversy," the Court should grant Plaintiff's request for judicial notice of them. Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting FED. R. EVI. 201 Advisory Committee note).

## V. The Court Should Not Consider Plaintiff's Declarations to the Extent They Conflict with his Deposition Testimony.

There are a number of factual disputes on the record arising from contradictions between Plaintiff's declarations, deposition testimony, and medical records. Generally, a party who has been examined at length on deposition cannot create an issue of fact simply by submitting a declaration that contradicts his deposition testimony. Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009) (citing Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991)). This so-called sham affidavit rule upholds the integrity of FED. R. CIV. P. 56 and prevents

Report and Recommendation - Page 4

a party from evading summary judgment through false factual disputes. See Van Asdale, 577 F.3d at 998 (stating that some form of the sham affidavit rule is necessary to maintain the principle that summary judgment is an integral part of the federal rules). The Ninth Circuit has warned the rule should be applied with caution "because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." Yeager v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012), cert. denied, 133 S. Ct. 2026 (2013), reh'g denied, 134 S. Ct. 33 (2013). Thus, in order to invoke the rule and strike an inconsistent affidavit, a trial court must make the factual determination that that the contradiction is, indeed, a sham. Id. Any inconsistency in the party's testimony must be clear and unambiguous. Id.

Statements in Plaintiff's declaration flatly contradict his deposition testimony and medical records. Specifically, Plaintiff testified that he was "totally pain-free" from May 2010 to January 2013. Lang Dep. 61:20-62:2. Contemporaneous medical records support this statement. Am. Kreutzer Decl. Ex. 2, at 2. Yet, in his declaration, Plaintiff asserts that he has been unable to walk two hundred feet without pain since 2008. Lang Decl. ¶ 10. He states that he accessed OSF's facilities on August 14, 2012 only with great difficulty, pain, and the assistance of a friend. First Lang Decl. ¶¶ 11. Dr. Yoo, who has been Plaintiff's physician since September 2013, testified that Plaintiff has experienced back pain since 2002. Yoo Decl. ¶¶ 1, 4.

Both sets of statements cannot simultaneously be true. Plaintiff either was pain-free from 2010 to 2013 or he was not. Plaintiff's declaration serves to contradict — not explain or clarify — his deposition testimony. There is nothing to indicate that his declaration is based on some newly discovered evidence. Rather, like the deposition, the declaration recounts Plaintiff's existing memory of his health history. The Court should not consider these sham issues of fact.

## BACKGROUND

Given the inadmissibility of Plaintiff's declarations, the following facts are not in dispute. The scope of this background section is limited to evidence related to Plaintiff's alleged disability at the time he filed suit.

Plaintiff is a long-time resident of Ashland, Oregon. First Lang Decl. ¶ 2. Ashland is home to the Oregon Shakespeare Festival ("OSF"). Plaintiff used to attend OSF plays regularly. First Lang Decl. ¶ 3. In 2003, Plaintiff greatly reduced his attendance because of pain and a fear of falling on the steep, uneven, and sometimes slippery surfaces of OSF. First Lang Decl. ¶ 7.

Plaintiff's medical records state that he was pain-free from May 2010 to January 2013. Am. Kreutzer Decl. Ex. 2, at 2. Plaintiff confirmed that he was "totally pain-free" for this two and half year period in his deposition. Lang Dep. 61:20-62:2. Plaintiff's pain-free streak ended in mid-January 2013 when he fell off a deck and hit his back on a rock. Am. Kreutzer Decl. Ex. 5, at 1. Medical records indicate that this was an isolated event from which Plaintiff fully recovered. Within 10 days of his fall, Plaintiff was "significantly better" and "able to walk and do his normal activities." Am. Kreutzer Decl. Ex. 5, at 1. His doctor described Plaintiff's pain as localized and mild. Am. Kreutzer Decl. Ex. 5, at 1. Plaintiff's treatment history shows that he did not return to a health care provider again until August 2013, when he torqued his back while working under a sink, and again in September 2013, when he fell while hiking the Grand Canyon. Am. Kreutzer Decl. Ex. 2, at 2. Plaintiff reported that he was "symptom free" before his hiking injury. Am. Kreutzer Decl. Ex. 2, at 2.

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party fulfills its burden, the burden shifts to the non-moving party who must go beyond the pleadings to identify genuine issues of fact. Celotex Corp., 477 U.S. at 324. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Fed. R. Civ. P. 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

The court must view the evidence in the light most favorable to the nonmoving party. Szajer v. City of Los Angeles, 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Life Ins. Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981). However, facts must be "viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

The ADA is a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). It forbids the "outright intentional exclusion" of disabled individuals as well as more subtle forms of discrimination, including "architectural, transportation, and communication barriers" that inhibit disabled persons' "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]" 42 U.S.C. §§ 12101(a)(5), 12182(a); see also PGA Tour, Inc. v. Martin, 532 U.S. 661, 675 (2001) (the ADA defines disability discrimination broadly to include failures to modify to existing facilities).

The ADA's reach is expansive but "not unlimited." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). At a constitutional minimum, any person invoking the statute in federal court must satisfy Article III's case and controversy requirement by demonstrating standing to sue. See U.S. Const. Art. III, §2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To do so, an ADA claimant must show that (1) he suffered an injury in fact (2) that is fairly traceable to the defendant's complained-of conduct and (3) that would be redressed with a favorable ruling. Lujan, 504 U.S. at 560. Any plaintiff seeking injunctive relief must also establish a "real and immediate threat of repeated injury." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)). The Supreme Court instructs courts to take a "broad view" of civil rights claimants' satisfaction of these four elements. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1039 (9th Cir. 2008) (citing Trafficante v. Metro. Life Ins. Co., 409 U.S. 205, 209 (1972)).

Plaintiff's ADA claim frames the Court's analysis of his constitutional standing. Chapman, 631 F.3d at 947 (constitutional standing analysis turns on the nature and source of the

plaintiff's claim). The ADA prohibits discrimination on the basis of disability. 42 U.S.C. § 12182(a). It follows that Plaintiff must qualify as a disabled individual in order to allege an injury that is protected or regulated by the ADA. Chapman, 631 F.3d at 952 ("An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities of any place of public accommodation."). The ADA defines "disability," in pertinent part, as "a physical or mental impairment that substantially limits one or more major life activities of such individual[.]" 42 U.S.C. § 12102(1). It instructs courts to construe this definition "in favor of broad coverage of individuals" with disabilities. 42 U.S.C. § 12102(4)(A).

Plaintiff's original complaint (#1), filed on October 15, 2012, made only one allegation regarding disability: "Plaintiff ... was at all times relevant herein, a disabled person, as defined by the State of Oregon and the Americans with Disabilities Act." Compl. ¶ 2. Plaintiff added more detail in his Second Amended Complaint (#69), which was filed on June 22, 2014 and is currently operative:

> 10. Plaintiff has been diagnosed with foraminal stenosis. Foraminal stenosis occurs when the foramina at the sides of the spine where the nerve roots exit, narrow down with spicules of calcium. When the nerves are contacted by the calcified spikes, excruciating pain is felt in his back and both legs. The pain makes it very difficult to walk great lengths and also very difficult to walk up slopes, especially without handrails. Since approximately February 2014, Plaintiff has suffered additional excruciating pain in his legs. This has been preliminarily diagnosed as a torqued pelvis. The condition makes walking, especially up and down slopes and without handrails extremely difficult and painful.
>
> 11. The pain and suffering caused by Plaintiff's foraminal stenosis and torqued pelvis substantially limits Plaintiff's ability to walk, especially great lengths, up slopes and especially without handrails.
>
> 12. Plaintiffs ability to walk on slippery surfaces is diminished.

Sec. Am. Compl. ¶¶ 10-12. Reading these two pleadings together, Plaintiff alleges that pain caused by two physical impairments, foraminal stenosis and a torqued pelvis, substantially limits him in the major life activity of walking. This allegation guided the parties' discovery and now frames the Court's analysis. See Patel v. City of Long Beach, 564 F.App'x 881, 882 (9th Cir. 2014). The Court should not consider any new theories of disability raised in Plaintiff's motion or responsive briefing, like "drop foot" or "peripheral sensory neuropathy." Id.

The existence of standing turns on the facts as they existed at the time the suit commenced. Lujan, 504 U.S. at 569 n.4. Here, Plaintiff's medical records and deposition testimony establish that he was not substantially limited in the manner alleged on the date he brought this suit. Plaintiff pled that "excruciating pain" "caused by [his] foraminal stenosis and and torqued plevis substantially limits [his] ability to walk[.]" Sec. Am. Compl. ¶¶ 10-11. Yet, Plaintiff's medical records show that he was pain-free from May 2010 to January 2013. Am. Kreutzer Decl. Ex. 2, at 2. Indeed, in his deposition, Plaintiff testified that he was "totally pain-free" for the two years preceding this suit, at the time he brought this suit, and for months thereafter. Lang Dep. 61:20-62:2. This testimony refutes the alleged link between Plaintiff's diagnosed impairments and the major life activity of walking. It invalidates Plaintiff's showing under the "substantially limits" element of the ADA's definition of disability. 42 U.S.C. § 12102(1). Plaintiff was not limited by, or even experiencing, pain at the time he brought this suit. This undisputed evidence proves that Plaintiff was not disabled as alleged and, therefore, "lacked standing at the outset of this litigation to assert [his] ADA claims[.]" Chapman, 631 F.3d at 955. Plaintiff's claims should be dismissed. Id. (citing FED. R. CIV. P. 12(b)(1); U.S. v. Hays, 515 U.S. 737, 747 (1995)).

This is an extremely unique case. Ordinarily, the Court need not devote much attention to an ADA claimant's disability. Regulations specify that "substantially limits" is not a demanding standard and should not necessitate extensive analysis. 29 C.F.R. § 1630.2(j)(1)(i-iii). Moreover, medical evidence of disability is not required at this procedural juncture. Head v. Glacier Northwest, Inc., 413 F.3d 1053, 1058 (9th Cir. 2005). A plaintiff's testimony alone can suffice to establish a genuine issue of material fact regarding disability. Id. at 1058-59. Nevertheless, not all impairments qualify as disabilities under the ADA. 29 C.F.R. § 1630.2(j)(1)(ii). The constitutional requirement of standing persists despite the ADA's broad coverage. Because medical evidence and Plaintiff's own testimony directly disprove his allegations of disability, Plaintiff does not have standing to bring his ADA claim. This is a rare case where dismissal is appropriate.

## RECOMMENDATION

Based on the forgoing, Plaintiff's motion (#101) should be DENIED and Defendants' motion (#120) should be GRANTED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of February 2016.

MARK D. CLARKE
United States Magistrate Judge

Report and Recommendation - Page 11