IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILIP C. LANG, an individual

        Plaintiff,

   v.

OREGON SHAKESPEARE FESTIVAL ASSOCIATION, a domestic non profit company, and CITY OF ASHLAND, a subdivision of the State of Oregon,

        Defendants.

Case No. 1:12-cv-01844-CL
ORDER

---

Thomas Dimitre
Attorney at Law
P.O. Box 801
Ashland, Oregon 97520
      Attorney for plaintiff

John M. Kreutzer
Smith, Freed & Eberhard, PC
111 SW Fifth Avenue, Suite 4300
Portland, Oregon 97204

Karen L. O'Connor
John B. Dudrey
Stoel Rives, LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204
      Attorneys for defendants.

AIKEN, Judge:

Magistrate Judge Clarke filed his Findings and Recommendation ("F&R") on January 21, 2016. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to Magistrate's F&R, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981) (for dispositive motions, "the statute grants the broadest possible discretion to the reviewing district court"). Plaintiff timely filed objections. I have, therefore, given the file of this case a *de novo* review. I adopt the Magistrate's F&R (doc. 131), and grant defendants' motion for summary judgment (doc. 120).

Plaintiff's main objection to Judge Clarke's conclusion he was not disabled at the time the complaint was filed is that his back pain is episodic and was merely in remission in the two years leading up to the filing date. Defendants urge the Court not to consider this argument, contending plaintiff raised it for the first time in his objections to the F&R. It is not necessary to determine if plaintiff adequately raised this theory of episodic pain for the first time in his objections to the F&R, because a district court has discretion to consider newly raised arguments when reviewing the recommendation of a magistrate judge. *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir.2002) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). I exercise that discretion here.

An episodic impairment is a disability under the ADA. 42 U.S.C. § 12102(4)(D) ( "An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active."). For example, in *E.E.O.C. v. AutoZone, Inc.*, 630 F.3d 635, 642–43 (7th Cir. 2010), the court held that an individual experiencing symptomatic flare-ups four or five times a week

PAGE 2 - ORDER

was suffering from an episodic impairment under the ADA. Similarly, in *Hoffman v. Carefirst of Fort Wayne, Inc.*, 737 F. Supp. 2d 976 (N.D. Ind. 2010), the court ruled that the plaintiff, who suffered from Stage III renal cancer that was in remission at the time of his termination, qualified as "disabled" because (1) his cancer was in remission, and (2) renal cancer would substantially limit a major life activity when active.

Plaintiff has introduced evidence of two discrete periods of back pain. The first period of back pain began in 2002. That pain was treated with steroid injections and, eventually, with a successful surgery that left him completely pain-free from May 2010 to January 2013. The second period of back pain began in 2013. Plaintiff analogizes the two-and-a-half-year pain-free period to a period of remission. However, these two periods of back pain were not episodic "flare ups" similar to those at issue in *AutoZone* or *Hoffman*. Plaintiff's deposition testimony shows that at the time he filed the complaint, his back pain had completely resolved. After the lawsuit was filed, plaintiff began to experience back pain again, but that pain was caused by three discrete events: a fall from his back deck, an injury while working under a sink, and a fall while hiking the Grand Canyon. Plaintiff was also diagnosed with foraminal stenosis after this lawsuit was filed, but he has not linked that diagnosis to his pre-lawsuit period of back pain. Without a connection between the first and second periods of back pain, evidence of plaintiff's limitations after this action was filed is irrelevant to determining whether he was disabled within the meaning of the ADA for the purposes of standing to bring this lawsuit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (events taking place after a suit is filed cannot "retroactively create[] . . . jurisdiction . . . that did not exist at the outset"). I express no opinion as to whether that post-complaint evidence shows plaintiff is disabled within the meaning of the ADA.

I ADOPT the Magistrate's F&R (doc. 131) granting defendants' motion for summary judgment (doc. 120) and denying plaintiff's motion for summary judgment. Plaintiff's motion to file a surreply (doc. 138) is DENIED as unnecessary, as the court does not find the arguments relevant to the disposition of this motion. This case is DISMISSED.

IT IS SO ORDERED.

Dated this __12__ day of April 2016.

*Ann Aiken*
Ann Aiken
United States District Judge