IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PHILLIP C. LANG, an individual,

       Plaintiff,

v.

OREGON SHAKESPEARE FESTIVAL
ASSOCIATION, a domestic non-profit company,
and the CITY OF ASHLAND, a subdivision of
the State of Oregon

       Defendants.

Civ. No. 1:12-cv-01844-CL

**REPORT AND
RECOMMENDATION**

CLARKE, Magistrate Judge.

Following this Court's dismissal of the matter, defendant the Oregon Shakespeare Festival ("OSF") moves for an attorney fees. Dckt. # 144. For the reasons set forth below, this motion should be denied.

## BACKGROUND

Plaintiffs' substantive claim was brought under the Americans with Disabilities Act ("ADA"). On February 1, 2016, this Court issued a Report and Recommendation granting

defendant's motions for summary judgment. Dckt. #131 Judge Aiken adopted the R & R, and issued a final order on May 26, 2016. Dckt. # 150.

## ANALYSIS

The ADA allows the District Court discretion to award fees to the prevailing party. 42 USC § 12205. The Court must explain its reasons for declining the fee petition of a prevailing defendant. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001). However, a finding that no issue of triable fact exists does not automatically grant defendant a fee award. *Summers v. Teichert & Sons., Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997).

Mr. Lang essentially asserted that he was disabled due to pain stemming from various back impairments. This Court's review of the matter found specific assertions of impairment and functional limitation unsupported by the contemporaneous summary judgment record, and concluded that Mr. Lang was "not limited by, or even experiencing, pain *at the time* he brought this suit." R & R, p. 10 (Dckt. #131) (emphasis added). It therefore concluded that Mr. Lang lacked standing at the outset of litigation to assert an ADA claim. *Id.*

This finding does not address the veracity of Mr. Lang's own belief pertaining to his alleged disability, nor comment upon his associated sensory experience of pain. Defendant fee awards under the ADA are appropriate where suit is frivolous, unreasonable, or without foundation. *Brown*, 246 F.3d at 1190. But, the Ninth Circuit emphasizes that, "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* (quoting *Christiansburg Garment Co. v. Equal Opportunity Comm.*, 434 U.S. 412, 421-22 (1978)). The Supreme Court continues, "No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious

Page 2 – **REPORT AND RECOMMENDATION**

one's claim may appear at the outset, the course of litigation is rarely predictable." *Christiansburg*, 434 U.S. at 422. The Court, therefore, is mindful that award of fees to prevailing defendant "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes. *Id.*

The evidence before the Court does not prove that Mr. Lang, a lay plaintiff, was motivated by egregious bad faith in articulating his subjective complaints of pain. He may have subjectively felt he was disabled for purposes of the ADA. There is evidence in the record that Mr. Lang had sought changes at the Shakespeare Festival grounds long before filing this case. Plaintiff counsel strongly disagrees with the legal analysis of this court granting summary judgment for defendants and is pursuing an appeal to the 9th Circuit. This court is sympathetic with defendants, who seem to be acting in good faith to make the grounds, which are on a natural slope, more accommodating to people with disabilities. It is unclear to what extent Plaintiff has been productive in working with defendants on these efforts which may well have reduced attorney expense in this case. However, the Court does not find this to be the type of frivolous or unreasonable case to support an award of fees against Mr. Lang.

## RECOMMENDATION

For the reasons above, Defendant OSF's request for attorney fees (Dckt. #144) should be denied.

///

///

///

///

///

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive their right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 21 day of July, 2016.

MARK D. CLARKE
United States Magistrate Judge